# EXHIBIT 11



**HERRENASSOCIATES**
ENGINEERING AND MANAGEMENT CONSULTANTS

## ATTACHMENT A: RETENTION AGREEMENT

This Retention Agreement is entered into this 13th day of December 2012, between J.L. Herren & Associates, P.C., a corporation organized under the laws of the Commonwealth of Virginia, U.S.A. ("The Firm") and Melissa Britton ("The Employee").

1. <u>Employment And Retention Of Employee.</u> The following statements shall be taken into account in construing and enforcing the provisions of this Retention Agreement.

The Firm provides engineering and management consulting services to diverse government clients throughout the Washington D.C. Metropolitan Region. The Firm's intellectual capital is its most valued asset and critical to its ability to compete in an increasingly competitive economy.

By conscious design, the Firm will expose Employee to its trade secrets, proprietary information, and market strategies. Such exposure and related training provides Employee with invaluable expertise and intimate knowledge of, and familiarity with, the Firm's operations and strategic plans.

2. <u>Protection Of Confidential And Proprietary Information.</u> Employee acknowledges that he will have access to the Firm's confidential affairs and proprietary information ("Proprietary Information"), which is not available to the public and is of critical importance and value to the Firm. To ensure the protection of such Information, Employee agrees that (i) all Proprietary Information is owned by the Firm and is to be held in trust and solely for the benefit of Herren Associates both during and after the Employee's employment; (ii) the Employee shall not disclose or otherwise reveal such Proprietary Information to any person or entity without the prior written consent of the CEO of the Firm, except as necessary for the performance of the Employee's services for the Firm; (iii) the Employee shall not use such Proprietary Information for his own personal gain or advantage, the gain or advantage of others, or to the detriment of the Firm; and (iv) upon the termination of his employment, for any reason, the Employee shall promptly return to the Firm all such Proprietary Information and shall continue to abide by the confidentiality provisions of this Agreement.

For purposes of this Agreement, "Proprietary Information" shall include, but is not limited to, information that is not readily available to the public, and which the Firm's operations, financial results, plans and compensation structure (other than to qualify Herren Associates for a specific client assignment), strategies, knowledge on-line database, clients, or any other subject matter pertaining to the business of the Firm or its clients.

3. <u>Non-Solicitation.</u> Employee agrees that throughout the period of his employment and for a period of one (1) year following termination of this Agreement, regardless of the reason, that he shall not, without the Firm's prior written consent, (i) solicit or attempt to secure, either directly or indirectly, the Firm's clients or customers other than for the Firm's sole benefit, which shall include individuals, business entities and government agencies for whom the Employee rendered consulting services during his employment with the Firm or clients whom the Employee, either directly or indirectly, individually or together with other Herren Associates employees, actively



solicited within one (1) year of termination contract employment; or (ii) hire or solicit for employment any employee of the Firm or former employee of the Firm who left within six (6) months.

4. <u>Non-Competition.</u> The Employee agrees that throughout the duration of his employment with the Firm and for a period of one (1) year thereafter, regardless of the reason for his termination: he shall not, without the prior written consent of the Firm, serve in any capacity, job or function (including as a proprietor, partner, officer, director, employee, consultant or agent) for any organization or entity that provides management consulting services which are competitive with those which, during his employment with the Firm, were rendered by the Firm's Federal Sector practice serving the U.S. government. When in such capacity, he could or would assist, support or further the entity or organization in competition with the Firm.

5. <u>Non-Disparagement</u>. The Employee agrees that throughout the duration of Employee's employment with the Firm and thereafter, regardless of the reason for Employee's termination, the Employee shall not make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that in any way defame, disparage or criticize the business or personal reputation, practices, or conduct of the Firm and/or any of the Firm's past and present directors, officers, executives, employees or affiliates. The Employee acknowledges and agrees that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, investors, potential investors, any board of directors or advisory board or directors, industry analysts, competitors, strategic partners, vendors, employees (past and present), and clients.

The Employee understands and agrees that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that the Firm would be irreparably harmed by violation of this Paragraph.

6. <u>Consideration.</u> Employee acknowledges and agrees that the covenants and restrictions delineated in this Agreement are supported by sufficient and valuable consideration.

7. <u>Governing Law.</u> The validity, interpretation and performance of this Agreement shall be governed by, and construed in accordance with, the internal law of the Commonwealth of Virginia, U.S.A., without giving effect to conflict of law principles. The Employee and the Firm agree that the exclusive venue for any action, demand, claim or counterclaim relating to the terms and provisions of this Agreement, or to their breach, shall be in the state or federal courts located in the Commonwealth of Virginia, U.S.A., and that such courts shall have personal jurisdiction over the parties to this Agreement.

8. <u>Severability.</u> The provisions of this Agreement are severable. Should any provision of this Agreement be determined to be invalid or otherwise unenforceable, in whole or in part, the court shall reform its provisions to make it valid. The remaining provisions shall not be affected by any determination that a provision is invalid or unenforceable, whether or not reformed, and such remaining provisions shall be enforced to the fullest extent permitted by law.

1220 12th Street, SE • Suite 310 • Washington, DC • 20003
Tel: 202-609-8444 • Fax: 202-543-1220



**HERRENASSOCIATES**
ENGINEERING AND MANAGEMENT CONSULTANTS

9. <u>Enforcement.</u> The Firm and Employee agree that the restrictions and covenants in this Agreement: (a) constitute consideration for inducing the Firm to employ Employee; (b) are reasonable and necessary to protect the business and property interests of the Firm; and (c) that any violation of these restrictions and covenants will cause the Firm substantial and irreparable injury. Employee agrees that the Firm shall be entitled, in addition to any other remedy, to specific enforcement, preliminary and permanent injunctive relief, to enjoin or remedy any breach or contemplated breach of the Agreement, without the necessity of proving actual damages.

10. <u>Assignment.</u> Employee may not assign this Agreement to a third party.

By: _____   Date: 13 December 2012
Jeffrey Herren, CEO
J.L. Herren & Associates, P.C.

Accepted: _____   Date: 13 Dec. 12
Employee