

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| J.L. HERREN & ASSOCIATES, P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-1314 (LMB/IDD) |
| ) | |
| MELISSA BRITTON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter came before the Court upon Plaintiff J.L. Herren & Associates' Motion for Preliminary Injunction. Having fully considered the arguments contained in the briefs submitted by Plaintiff and Defendant (hereinafter "Parties") and at oral argument, it is hereby:

ORDERED that Defendant shall not use, disclose or otherwise access Plaintiff's proprietary information;

ORDERED that, except for the information to be preserved by the Expert as set out below, Defendant shall promptly return to Plaintiff any and all proprietary information of Herren, including all of Defendant's Herren work product ("Plaintiff Data");

ORDERED that the, based on the agreement of the Parties, John Ashley be and hereby is appointed to be a neutral expert in the field of computer forensics (the "Expert") whose fees shall be shared equally by the Parties, absent further Order of the Court;

ORDERED that Defendant shall promptly produce and make available to the Expert, at a mutually agreeable place and time, within ten (10) days of this Order, for the purposes of preservation, inspection, investigation, copying, imaging, and interrogation, all of Defendant's

ESI, computer equipment and data compilations, including, without limitation, (a) all data copied from Defendant's Herren-issued laptop, whether on Defendant's Google Cloud or other cloud storage solution, on computers, hard drives, thumb drives, flash drives, or on other external or removable data storage devices (b) any other computer, smart phone, hard drives, thumb drives, flash drives, and other external or removable data storage devices belonging to Defendant, or in her possession, custody and control; and (c) any other data storage devices including servers, third party storage locations, any online or offline backups or any other ESI containing data used by Defendant in her Herren employment (collectively, Defendant's "Computer Equipment");

ORDERED that the Expert shall create forensic copies of Defendant's Computer Equipment, using best efforts to avoid unnecessary disruptions to Defendant's normal activities or business operations, and shall maintain all of Defendant's Computer Equipment, including the forensic copies thereof, in strict confidence, and shall sign any Protective Order and/or Confidentiality agreement that may be entered in this action;

ORDERED that, within a reasonable amount of time identified by the Expert based upon the amount of Computer Equipment that is produced, the Expert shall use acceptable e-discovery and forensic tools and techniques, and protocols agreed to by the Expert and the Parties, to:

1) Conduct a full forensic examination of the Computer Equipment to determine what Plaintiff Data exists on the Computer Equipment, what if any efforts have been taken to remove Plaintiff Data from the Computer Equipment, and to determine if and when any Plaintiff Data has been accessed, modified, used, copied or moved to any other location;

2) Provide the Parties a full Report of the forensic examination of the Computer Equipment; and

3) Remove all Plaintiff Data from the Computer Equipment in compliance with this Order;

ORDERED that this Order shall remain in full force and effect until final judgment is entered or until amended or modified by this Court.

SO ORDERED.

ENTERED this 10th day of January 2013.

/s/
Leonie M. Brinkema
United States District Judge