IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| J. L. HERREN & ASSOCIATES, P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA No. 1: 13-cv-1314 (LMB/IDD) |
| ) | |
| MELISSA BRITTON ) | |
| ) | |
| and ) | |
| ) | |
| MAGA DESIGN GROUP, INC. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO AMEND
AND TO FILE A THIRD AMENDED COMPLAINT**

Plaintiff J. L. Herren & Associates, P.C. ("Herren") commenced this action on September 24, 2013 against Melissa Britton, its former employee, to enforce Britton's post-employment obligations not to solicit Herren's clients or to compete with Herren and to recover damages caused by Britton's tortious conduct. Britton removed the action to this Court on October 22, 2013. Herren filed an Amended Complaint on November 27, 2013, adding two counts against Britton based on additional facts revealed in the course of the litigation. With leave of Court, Herren filed a Second Amended Complaint on January 10, 2014, adding four related counts against Maga Design Group, Inc. ("Maga"). Pursuant to the Amended Scheduling Order, discovery does not close until May 9, 2014. Moreover, the parties' Second Revised Joint Discovery Plan anticipates that the joinder of additional parties or amendment of pleadings will be completed by February 10, 2014.

Herren seeks leave to file a Third Amended Complaint to add four new claims and three new defendants, Mission Effect LLC ("Mission Effect"), SPARC, LLC ("SPARC") and Eric B. Bowman, individually ("Bowman"). Because each of the claims Herren seeks to add stem from the same operative facts and transactions, it would serve the interests of judicial economy and efficiency, and prejudice no party, to hear these claims as part of one action.

## LEGAL STANDARD

Rule 15(a) provides that a party may amend its pleadings by leave of court and that the court "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). As the U.S. Supreme Court has emphasized, "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). Thus, "[t]he standard for granting leave to amend a civil complaint is very liberal." Foxworth v. United States, No. 3:05CV643-JRS, 2006 WL 2008722, at *1 (E.D.Va. July 17, 2006). " '[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.' " Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999) (quoting Johnson v. Oroweat Foods Co._,_ 785 F.2d 503, 509 (4th Cir.1986)). Because none of the above factors is present in this case, and because good cause exists for the amendment, this Court should permit the amendment and allow the filing of the Third Amended Complaint.[1]

---

[1] Plaintiff does not believe permitting this amendment would require any modification to the existing Scheduling Order, but, to the extent that it would, good cause exists for modifying the Scheduling Order. See Fed. R. Civ. P. 16(b)(4).

**ARGUMENT**

Plaintiff seeks leave to file the proposed Third Amended Complaint, attached hereto as Exhibit 1. A copy showing the changes from the Second Amended Complaint is attached hereto as Exhibit 2. As shown therein, the Third Amended Complaint adds counts against new Defendants SPARC and Bowman, adds Britton's new company, Mission Effect LLC as a defendant to certain counts already alleged against Britton, and adds a claim against Britton and Mission Effect for violation of the Computer Fraud and Abuse Act. The Third Amended Complaint makes no changes to the counts and facts alleged against Maga. Because the filing of Third Amended Complaint will not unreasonably delay discovery, and because currently there are no pending dispositive motions, the existing Defendants, Britton and Maga, will not be prejudiced by the granting of this Motion. By contrast, it would prejudice Herren, and would create duplicative judicial efforts, to have these related claims be litigated in separate actions. Accordingly, justice requires that the amendment be permitted.

**I.      Amendment is Appropriate to Add New Defendants and New Claims.**

The proposed amendment at this early stage of the proceedings is appropriate to permit Plaintiff to pursue recovery against the Mission Effect, which has been on notice of the litigation from the outset, to pursue recovery against Britton and Mission Effect for conduct discovered, and damage incurred, during the course of the litigation, and against proposed new Defendants, SPARC and Bowman, based on newly discovered information described herein.

First, adding Mission Effect as a defendant to certain of the counts alleged against Britton, based on Britton's conduct as its founder and owner, would not prejudice any

3

party to the litigation. Mission Effect, through Britton, has been on notice of this action since its inception. Second, permitting Herren to amend to add a claim for violation of the Computer Fraud and Abuse Act is appropriate since the conduct violative of the Act has been revealed only in the course of this litigation, and over a period of time during which Herren has incurred financial losses as a result of the violation.

Lastly, permitting Herren to amend to name SPARC and Bowman as defendants would be appropriate at this stage since their participation in the conspiracy came to light only at the motions hearing on January 10, 2014. At that time, counsel for Britton represented to the Court that SPARC and Bowman provided Britton with a laptop computer in May 2013 for use in establishing Mission Effect, which Britton used the until some time in or around early January 2014. In or around January 2014, upon learning that the Mission Effect laptop could be subject to forensic evaluation as part of this lawsuit, SPARC and Bowman retook possession of the Mission Effect laptop. See Transcript of January 10, 2004 Hearing, at 13-15.

Further, documents produced to Plaintiff for the first time on January 13, *after that hearing,* have confirmed the participation of Bowman and SPARC in the acts underlying this litigation, including the conspiracy to usurp Herren's corporate opportunities and damage Herren in its business and reputation. Britton's January 13th production has revealed e-mail evidence relating to the respect to spoliation of evidence in this case and their role as co-conspirators with Britton and Maga.

For example, an email exchange between Britton and Bowman reveals that, on February 13, 2013, Britton asked Bowman "what's the most untraceable way for me to pull all herrens past proposal off our share point", to which Bowman responds in detail,

4

ending with the instruction that she should "make sure you wipe your harddrive before you quit." See email, attached hereto as Exhibit 3.

Britton's recent production has also shown that Bowman (SPARC's CEO), Scott Williams (Maga's CEO), Rebecca Williams (Maga's Vice President and Chief Creative Officer), and Britton met together in Washington, D.C. on June 18 -- both immediately before and immediately after Scott Williams and Britton met with NAVSUP.  On information and belief, they met to discuss their joint efforts to obtain NAVSUP work, in violation of Britton's fiduciary duty to Herren and in furtherance of their conspiracy.

Accordingly, because this new evidence makes clear that SPARC and Bowman are intimately involved in this ongoing conspiracy, it is entirely appropriate to permit the amendment to join them in this action.  Although it would be possible for Herren to file a separate suit against SPARC and Bowman, given the nature of SPARC and Bowman's involvement in Britton's theft of Herren's confidential information, and given the level of coordinated action between SPARC, Bowman, Britton, Mission Effect and Maga, it would be more efficient and serve the interests of judicial economy to permit this matter to proceed as one case.  See Aerotek, Inc. v. Tyonek Native Corp., 2006 WL 1303142, at *3 (E.D.Va. Apr. 12, 2006) (granting leave to amend to add a defendant, even where discovery was coming to a close).  As the Court stated in Aerotek:

> Allowing this matter to progress as one case rather than requiring Plaintiff to file a separate case against TMLLC is especially warranted in light of the allegations that the defendants worked in concert with each other.  The Court will allow Plaintiff to amend the complaint and ad a defendant given the interests of judicial economy and justice and the absence of any compelling reason to preclude the Plaintiff from doing so.

Id. *3.

Here too, the facts underlying the claims against SPARC, Bowman,

Britton and Maga are heavily interwoven. Plaintiff has, in fact, alleged that the parties conspired together to damage Herren's business. Because the facts underlying the action are so closely related, it would serve the interests of judicial economy to permit these claims to proceed together in one action.

## II. Permitting the Filing of a Third Amended Complaint Will Not Prejudice Any Defendant.

Herren seeks to amend the Complaint a third time only three weeks after the Court granted leave to file the Second Amended Complaint. Discovery has only recently begun, and is not scheduled to close until May 9, 2014. Granting this amendment will not require any further change to the Scheduling Order since, if granted, the new defendants will be added by February 7, thereby providing each Defendant sufficient time to inquire about the factual basis for the new allegations and claims prior to trial. In fact, the parties contemplated permitting the amendment of pleadings and the addition of new parties be completed by February 10th.

Britton and Maga have been notified that the instant motion would be filed, and will suffer no surprise from the addition of the new defendants, nor will their legal interests be adversely affected by the addition of these defendants or claims. Likewise, SPARC and Bowman will suffer no prejudice from being added to this litigation at this stage of the proceedings. They have been informed of the litigation for quite some time, having contacted at least one of Plaintiff's executives to discuss the matter some months ago, and having now been subpoenaed by two parties. SPARC and Bowman have, in fact, injected themselves into this lawsuit by taking steps to remove evidence from examination by retrieving Britton's Mission Effect laptop after learning of the possibility of a forensic examination.

## CONCLUSION

For all of the reasons set forth above, Herren respectfully moves this Court to grant Herren's Motion for Leave to Amend and to File its Third Amended Complaint.

Respectfully submitted,

_____/s/_____
Susanne Harris Carnell, VSB #41521
Michael J. Lorenger, VSB #38910
LORENGER & CARNELL PLC
651 South Washington Street
Alexandria, VA  22314
Phone:  (703) 684-1804
Facsimile: (703) 684-1805
scarnell@lorengercarnell.com

*Counsel for Plaintiff, J. L. Herren & Associates, P.C.*

January 31, 2014