UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| J. L. HERREN & ASSOCIATES, P.C.      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | No. 1:13-cv-1314  LB/IDD |
| ) | |
| MELISSA BRITTON      ) | |
| ) | |
| Defendant      ) | |

**OPPOSITION OF MAGA DESIGN GROUP, INC.
TO HERREN'S MOTION FOR LEAVE TO AMEND**

Defendant Maga Design Group, Inc. ("Maga"), by counsel, opposes the motion of plaintiff J.L. Herren & Associates, P.C. ("Herren"), for leave to file a Third Amended Complaint.

**1.      Procedural History of the Case**

Herren originally filed this action against Melissa Britton ("Britton") in the Circuit Court for Fairfax County on September 24, 2013 (Doc. 1-1).  Britton removed the litigation to this Court on October 22, 1013.

On November 27, 2013, in response to Britton's pending motion to dismiss the original Complaint, Herren filed a seven-count Amended Complaint (Doc. 15).  On December 27, 2013, Herren filed a motion for leave to file a Second Amended Complaint (Doc. 32) to add Maga as a defendant and to assert four claims against it.  This motion was granted January 10, 2014.

The parties thereafter agreed on a revised joint discovery plant that was embodied in an Amended Rule 16(B) Scheduling Order entered on January 29, 2014 (Doc. 57).  Under the Rule

16(B) Order all discovery must be completed by May 9, 2014. The final pretrial conference is scheduled for May 15, 2014.

On January 31, 2014, Herren filed a motion requesting leave to file a Third Amended Complaint (Doc. 59). The proposed Third Amended Complaint seeks to add three new parties (Mission Effect, LLC; SPARC, LLC and Eric Bowman) and four additional claims.

### 2. The Motion for Leave to Amend Should Be Denied or, If Granted, Should be Conditioned on a 60-Day Enlargement of the Discovery Period

The liberal amendment standard of Fed. R. Civ. Proc. 15(a)(2) is not without limits. Decisional law in the Fourth Circuit has consistently held that leave to amend may be denied where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-moving party. *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997); *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 941 (4th Cir. 1995); *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987). These factors warrant denial of Herren's motion.

#### A. Undue Delay

In *Deasy, supra*, the Fourth Circuit held that a motion for leave to amend should be made "as soon as the necessity for altering the pleading becomes apparent." 833 F.2d at 41, *quoting* 6 Wright & Miller, *Federal Practice and Procedure* § 1488 (1971). This standard has been expressly adopted by the Court's Rule 16(B) Scheduling Order.

The belated attempt to add Melissa Britton's company, Mission Effect, LLC, as a party, and the assertion of a new claim against Britton and Mission Effect under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(2)(B), certainly involve undue delay. The existence and role of Mission Effect in the transactions underlying this litigation have been known to Herren

2

since it originally filed its complaint in October 2013.  *See* Complaint, Doc. 1-1, ¶¶ 20, 27, 53.[1]

Similarly, the key elements of the conduct now alleged to violate the Computer Fraud and Abuse Act were alleged in Count VI of Herren's Amended Complaint, and were described in considerable detail in the documents supporting Herren's Motion for a Preliminary Injunction filed on December 6, 2013 (Doc. 21).  While Herren may have learned additional facts about the conduct as this litigation has progressed, there does not seem to be any doubt that Herren was aware of the necessity to amend its pleading to join Mission Effect and add new claims long before the end of January 2014.

### B.  Undue Prejudice

Allowing Herren to add SPARC, LLC, and Eric Bowman as defendants at this stage of the case will unduly prejudice both Maga and Britton.

The current close of discovery is May 9, 2014.  If leave to amend is granted on February 14, the SPARC/Bowman responsive pleadings will not be due until March 7 at the earliest.  That leaves only eight weeks for discovery.  This is a clearly insufficient amount of time for any defending party to request documents and make written discovery requests regarding the new parties and claims in time to allow for depositions of parties and potential witnesses on those issues prior to the close of discovery.  Expecting the new defendants, as well as the current defendants, to be able to complete discovery and participate a final pretrial conference on May 15 is inherently unreasonable and prejudicial.

Exacerbating this problem is the fact that the proposed new claims against SPARC and Bowman expand the scope of this case substantially.  These defendants are located in South

---

[1] Herren argues that the amendment would not prejudice Mission Effect because it "has been on notice of this action since its inception."  Mem. in Support of Motion for Leave to Amend (Doc. 60) at 4.  Of course, the same knowledge is attributable to Herren, which bears the burden of demonstrating that it asserted its claims promptly.

Carolina, which make discovery somewhat less efficient than if they were based in Virginia. Furthermore, the additional parties and claims create the real possibility that the current limits on non-party witness depositions and interrogatories will be too restrictive.

Maga believes that in light of the fact that Herren has already twice amended its complaint to expand the scope of this litigation, a third amendment involving additional new parties and claims is unduly prejudicial to the existing parties. Nevertheless, if the Court determines that the amendment should be permitted Maga respectfully requests that the current scheduling order be revised to extend the discovery period by 60 days, to July 11, 2014, to allow the parties to have an adequate opportunity to conduct discovery regarding the 15 claims that would be pending. Maga also requests that the Court permit a reasonable increase in the number of interrogatories permitted, as well as the number of non-party, no-expert depositions that each party may take, to allow sufficient opportunity to address the multiplicity of parties and claims.

### 3. Conclusion

For these reasons, Herren's motion for leave to amend should be denied. *See NKR, Inc. v. The Forestland Group, LLC*, 2005 WL 1123629 *2 (W.D. Va. 2005) (denying motion for leave to amend to add new parties). In the alternative, leave to amend should be accompanied by a 60-day enlargement of the current discovery period, as well as a reasonable increase in the number of interrogatories permitted and the number of non-party, no-expert depositions that each party may take, to avoid prejudice to the defendants.

                                      **MAGA DESIGN GROUP, INC.**
                                      **By Counsel**

                          By:     */s/ Russell J. Gaspar*
                                Russell J. Gaspar (VSB No. 15020)
                                rgaspar@cohenmohr.com

        Andrew K. Wible, VSB No. 78168
        Awible@cohenmohr.com
        COHEN MOHR, LLP
        1055 Thomas Jefferson St., NW,
        Suite 504
        Washington, D.C. 20007
        202.342.2550 (Tel)
        202.342.6147 (Fax)

        Attorneys for Maga Design Group, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that true copies of the foregoing Opposition to Motion for Leave to Amend were served via the Court's ECF system and by electronic mail, on:

        Susanne H. Carnell, Esq.
        scarnell@lorengercarnell.com
        Lorenger & Carnell
        651 South Washington Street
        Alexandria, Virginia 22314
        Attorney for J.L. Herren & Associates, P.C.

        and

        Charles B. Wayne, Esq.
        charles.wayne@dlapiper.com
        Victoria A. Bruno, Esq.
        victoria.bruno@dlapiper.com
        DLA Piper US LLP
        500 Eighth Street, N.W.
        Washington, D.C. 20004
        Attorneys for Melissa Britton

this 10th day of February, 2014.

                                          */s/ Russell J. Gaspar*
                                          Russell J. Gaspar