IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

J.L. HERREN & ASSOCIATES, P.C., )
)
Plaintiff, )
)
v. ) 1:13cv01314 (LMB/IDD)
)
MELISSA BRITTON, et al., )
)
Defendants. )

ORDER

Before the Court is plaintiff J.L. Herren & Associates, P.C.'s ("Herren") Motion for Leave to Amend and to File a Third Amended Complaint [Dkt. No. 59] ("Motion"). Defendants Melissa Britton ("Britton") and Maga Design Group, Inc. ("Maga") (collectively "Defendants") have filed oppositions to Herren's motion [Dkt. Nos. 65, 66]. Because the matter has been fully briefed and oral argument will not assist in the decisional process, Herren's motion will be resolved on the pleadings submitted by the parties.

BACKGROUND

Herren's Second Amended Complaint [Dkt. No. 52] asserts 11 counts (I-XI) against Britton and Maga. Herren seeks leave to amend the Second Amended Complaint to add three more defendants: Britton's company, Mission Effect, LLC ("Mission Effect"); Eric B. Bowman ("Bowman"); and Bowman's company, Sparc, LLC ("Sparc"). Herren also seeks leave to assert Counts IV, V, and VII of the Second Amended Complaint against both Britton and Mission Effect; to add proposed

Count XII against Britton and Mission Effect; and to add proposed Counts XIII, XIV, and XV against Bowman and Sparc.

STANDARD

Federal Rule of Civil Procedure 15 directs that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Reasons justifying denial of leave to amend include "undue delay . . . [and] undue prejudice to the opposing party by virtue of allowance of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

"Delay alone is an insufficient reason to deny leave to amend." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)); but see Deasy v. Hill, 833 F.2d 38, 41 (4th Cir. 1987) (a motion to amend should be made as soon as the need to amend becomes apparent). Prejudice "resulting to the opposing party by a grant of leave to amend," however, is sufficient grounds to deny leave to amend. Davis v. Piper Aircraft Corporation, 615 F.2d 606, 613 (4th Cir. 1980) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)). "The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards, 178 F.3d at 242 (quoting Johnson, 785 F.2d at 509) (emphasis in original).

2

DISCUSSION

In support of its motion, Herren argues first that its proposed amendment is appropriate, as the counts it wishes to assert against Mission Effect are based on the conduct of its founder and owner, Britton, who has been a party to this litigation since its inception. Accordingly, Mission Effect has been "on notice" of the substance of Herren's claims against it for some time. Further, leave to add proposed Count XII against Britton and Mission Effect, which alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), is also appropriate as the events that form the basis of that claim have only recently come to light. Similarly, Bowman and Sparc's involvement in this matter only became known to Herren at the motions hearing in this matter held on January 10, 2014.

Second, Herren argues that no prejudice will inure to any defendant, present or proposed, because it is seeking leave to amend a mere three weeks after the Court granted leave to file the Second Amended Complaint. Under the Amended Scheduling Order, discovery does not close until May 9, 2014, and Herren argues that this is sufficient time for all parties to investigate the claims asserted in this action. Herren also notes that the parties' Second Revised Joint Discovery Plan [Dkt. No. 55] explicitly provided for "joinder

of additional parties or amendment of pleadings . . . by February 10, 2014," 11 days <u>after</u> Herren filed its motion.[1]

In opposition, Maga argues first that Herren's attempt to add Mission Effect as a party and assert claims against it and Britton under the CFAA is precisely the kind of "undue delay" justifying denial of Herren's motion.[2] Indeed, Herren has been "on notice" of Mission Effect's involvement in this matter since the filing of the first complaint, and elements of its proposed CFAA claim are already a part of existing Count VI.

As to prejudice, Maga argues that if leave is granted to add Bowman and Sparc as defendants, only eight weeks of discovery will remain after they serve their responsive pleadings, a period of time that is insufficient to conduct adequate discovery.[3] Given this,

---

[1] Herren originally noticed its motion for a hearing on Friday, February 7, 2014 [Dkt. No. 61]. With Britton and Maga's consent, Herren then re-noticed the hearing for February 14, 2014 [Dkt. No. 63] to accommodate Britton's counsel. See Joint Motion Set [sic] Briefing Schedule for Motion for Leave to Amend [Dkt. No. 62].

[2] Britton's summary opposition to Herren's pending motion incorporates her arguments from her opposition to Herren's motion to file the Second Amended Complaint [Dkt. No. 45], as well as the arguments in Maga's opposition to the pending motion.

[3] Maga also argues that the new claims against Bowman and Sparc "expand the scope of this case substantially," in part because both are located in South Carolina. It is unclear how these new claims could be prejudicial to Maga (or to Britton or Mission Effect), however, as none of the three proposed counts asserted against Bowman and Sparc are asserted against any other defendant. Indeed, Conspiracy to Injure Another in Trade or Business (proposed Count XIII), Aiding and Abetting Breach of Fiduciary Duty (proposed Count

4

Maga argues that should the Court grant Herren leave to amend, the discovery period should be extended an additional 60 days and the number of interrogatories and non-party, non-expert witness depositions presently allowed should be increased.

Given the liberal standard governing Herren's motion, the procedural history of this matter, and the facts and circumstances underlying Herren's request for leave to amend, the Court finds that amendment is appropriate here. It is significant that Herren's proposed Third Amended Complaint adds only two sentences to the 31 numbered paragraphs of factual allegations included in the Second Amended Complaint, and that the proposed amendments to existing Counts IV, V, and VII (asserted against Britton and Mission Effect) are similarly cosmetic.

As to the proposed claim against Britton and Mission Effect under the CFAA, defendants' argument that Herren's motion is "unduly delayed" is unpersuasive. As defendants themselves observe, many of the factual allegations supporting Herren's CFAA claim are already included in Count VI of the Second Amended Complaint. Moreover, evidence relevant to Britton's alleged misuse of computer technology and misappropriation of proprietary information continues to be uncovered in the course of discovery. For the same reason, Herren's

---

XIV), and Tortious Interference with Business Relationships/Expectancies (proposed Count XV) are already alleged as to Britton and Maga separately in existing Counts IV, V, VII, IX, X, and XI.

proposed addition of Bowman and Sparc as defendants, particularly in light of evidence first revealed at the motions hearing on January 10, 2014, is timely and appropriate.

The Court also finds that neither of the opposing parties will suffer any undue prejudice resulting from Herren's proposed amendment. No new claims are asserted against Maga, and the only new claim asserted against Britton, Count XII, includes factual allegations substantially similar to those included in existing Count VI, as discussed above. Similarly, the three new claims against Bowman and Sparc are essentially duplicative of existing claims against Britton and Maga and they are supported by the same factual allegations underlying all of Herren's claims - factual allegations that are already included in the Second Amended Complaint.

To the extent that Herren's amendment expands the scope of discovery and good cause exists to extend the period for discovery or increase the number of interrogatories or non-party, non-expert witness depositions allowed under the Amended Scheduling Order, the parties are free to seek leave to conduct additional discovery. No more amended complaints will be allowed.

Accordingly, it is hereby

ORDERED that Herren's Motion for Leave to Amend and to File a Third Amended Complaint [Dkt. No. 59] be and is GRANTED, and it is further

ORDERED that Herren immediately file the Third Amended Complaint attached as Exhibit 1 to the memorandum in support of its motion and serve the same on all defendants, and it is further

ORDERED that the hearing on this matter presently set for 10:00 a.m. on Friday, February 14, 2014, be and is CANCELED.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 12th day of February, 2014.

Alexandria, Virginia

/s/ LMB
Leonie M. Brinkema
United States District Judge